IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BLUEWATER INDUSTRIES LP, | § | CASE NO.: 15-35530 |
| | § | |
| DEBTOR. | § | CHAPTER 7 |

**MOTION FOR AUTHORITY TO REOPEN BANKRUPTCY CASE
IF ALPHA PETROLEUM RESOURCES LIMITED (F/K/A ATP OIL & GAS (UK)
LIMITED) PAYMENT BECOMES DUE TO THE DEBTOR AFTER CASE IS CLOSED**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE EDUARDO V. RODRIGUEZ:**

Ronald J. Sommers, chapter 7 trustee ("Trustee") for the bankruptcy estate of Bluewater Industries LP (the "Debtor") files this Motion for Authority to Reopen Bankruptcy Case if Alpha Petroleum Resources Limited (f/k/a ATP Oil & Gas (UK) Limited) Payment Becomes Due to

the Debtor After Case is Closed ("Motion") and in support thereof respectfully shows the following:

## I.     Jurisdiction and Venue

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Court has constitutional authority to enter a final order regarding this matter because matters concerning the disposition of assets of a chapter 7 estate and the administration of a chapter 7 estate has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable to the matter at hand. The Court can grant the relief requested under 11 U.S.C. §105 and Fed. R. Bankr. P. 5010.

## II.     Background

2.     Bluewater Industries LP (the "Debtor") commenced this case by the filing of a voluntary petition under chapter 7 of the Bankruptcy Code on October 20, 2015 ("Petition Date").

3.     Ronald Sommers was duly appointed as the chapter 7 trustee of the bankruptcy estate of Bluewater Industries LP (the "Estate") on October 20, 2015.

4.     After his appointment, the Trustee spent time speaking with the Debtor's management and reviewed information regarding the Debtor's assets which included an allowed claim in the ATP Oil & Gas (UK) Limited voluntary arrangement. The Trustee also spent time teleconferencing and emailing with Ernest & Young LLP (United Kingdom)("E&Y"). E&Y serves as the Plan Administrators for the Company's Voluntary Arrangement ("CVA") for ATP Oil & Gas (UK) Limited ("ATP") now known as Alpha Petroleum Resources Limited ("APR" or the "Company"). It is the Trustee's understanding that the CVA is similar to a confirmed

2

Chapter 11 Plan of Reorganization. Bluewater Industries LP is owed $150,679,610 by the Company and has a 12.3% beneficial interest in distributions to the Company's creditors. It is the Trustee's understanding that the CVA commenced in January 2014. Since the Debtor's bankruptcy in 2015, there have been no distributions to creditors by the Company and its Plan Administrator, E&Y. The assets subject to the CVA and owned by the Company consist of funds used for administrative costs, and an interest in the Skipper and Blythe production. The licenses for Skipper and Blythe were transferred from the Company to Independent Oil and Gas PLC ("IOG"). The license for Skipper expires in February 2019 whilst IOG continues to explore ways in which to develop this heavy oil field. Based on information and belief, the Skipper is currently not a priority asset for IOG. The Blythe field is more positive and IOG expects first gas by the end of April, 2019. The license for Blythe is currently due to expire on December, 2018. The other asset owned by the Company, subject to the CVA, is the Cheviot license. The Company is currently in talks with funders in order to arrange the necessary financing to develop this asset. The Company believes that if funding can be secured on this asset, then first oil would be towards the end of 2020. The license is currently due to expire on September 30, 2018.

5. With the exception of the claim owed by the Company to the Debtor, the Trustee has monetized and liquidated all of the Estate's assets, has fully administered all assets of the Debtor, and is ready to close this case. The trustee is currently holding $1,969,968.23. The receipt of funds from the Company at this time is speculative and it is unknown whether the Estate will receive any distribution. The Plan Administrators have stated there will be no distributions to creditors in 2018 and 2019. The Trustee has attempted to monetize the Debtor's claim against the Company but has been unable to find a buyer. Given the passage of time, the Trustee believes that the likelihood of receiving payments from the Company is unlikely but still possible.

6.      Counsel for the Trustee will be filing its final fee application and the Trustee will be ready to submit his final report to the United States Trustee once the Court enters an order on that fee application. It will likely take a few more months before the final report is approved and the bankruptcy case can be closed.

### III.     Relief Requested

7.      The Trustee believes it is in the best interests to close this bankruptcy case and make distributions to creditors. If, however, the Company is successful in monetizing its interest in the Cheviot, or receives payment from IOG, or a "final" payment is distributed to creditors of the Company by the Company's Plan Administrator, the Trustee seeks authority to file a motion to reopen the bankruptcy case to administer the funds.

8.      The Trustee believes that allowing the Trustee to close the case now with the permission to reopen if the Debtor's claim against the Company can be realized is the best way to balance the goals of maximizing value for creditors and also providing them with some finality.

### Prayer

WHEREFORE, the Trustee respectfully requests that the Court enter an order authorizing him to reopen the bankruptcy case after it has been closed if the Debtor becomes entitled to receive a payment from the Company's Plan Administrators of Alpha Petroleum Resources Limited (fka) ATP Oil & Gas (UK), Limited and for such other and further relief to which he may be entitled.

Dated: April 30, 2018

Respectfully Submitted,

By: /s/ Ronald J. Sommers
Ronald J. Sommers
Texas Bar No. 18842500
rsommers@nathansommers.com

4

2800 Post Oak Blvd., 61st Floor  
Houston, Texas 77056-5705  
Telephone: (713) 960-0303  
Facsimile:  (713) 892-4800

**CHAPTER 7 TRUSTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of foregoing Notice has been served by first class mail, postage prepaid and properly addressed, on April 30, 2018, to all parties entitled to receive notice under the Bankruptcy Code and electronically by the Court's ECF system to all parties registered to receive such service.

 */s/ Ronald J. Sommers*  
Ronald J. Sommers