UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| BLUEWATER INDUSTRIES LP | § | CASE NO. 15-35530-H5-7 |
| DEBTOR. | § § | |
| | § | CHAPTER 7 |

**CHAPTER 7 FEE APPLICATION SUMMARY**

| | | |
|---|---|---|
| Name of Applicant: | | Nathan Sommers Jacobs, PC |
| Applicant's professional role in case: | | Trustee's Attorney |
| Indicate whether this is an interim or a final application: | | Final |
| Date Order of Appointment Signed: | | 12/18/15 |
| Supplemented: | | |
| | **Beginning of Period** | **Ending of Period** |
| Total period covered in application | 09/01/2016 | 09/27/2018 |
| Time periods covered by prior applications: | | |
| 1st Interim | 10/26/2015 | 08/31/2016 |
| Total amounts awarded in all prior applications | | $7,366.05 |
| Amount of retainer received in the case | | $0.00 |
| Total fees applied for in this application and in all prior applications (including any retainer amounts applied or to be applied) | | $27,702.50 |
| Total fees applied for in this application (including any retainer amounts to be applied) | | $20,417.50 |
| Total professional fees requested in this application | | $19,634.50 |
| Total professional hours covered by this application | | 48.40 |
| Average hourly rate for professionals | | $405.66 |
| Total paraprofessional hours covered by this application | | 5.80 |
| Average hourly rate for paraprofessionals | | $135.00 |
| Reimbursable expenses sought in this application | | $303.50 |
| Application Cost | | $0.00 |
| Total of other payments paid to Secured Claimants | | $0.00 |
| Total of other payments paid to Administrative Claimants | | $969,800.66 |
| Estimated Total for distribution to Priority Unsecured Creditors | | $0.00 |
| Expected % dividend to be paid to Priority Unsecured Creditors | | 0% |
| Estimated total for distribution to General Unsecured Creditors | | $1,848,634.13 |
| Expected % dividend to be paid to General Unsecured Creditors | | 6% |
| Expected amount to be paid to all pre-petition creditors | | $1,848,634.13 |
| Receipts to date | | $2,923,121.56 |
| Disbursements to date | | $969,800.66 |
| Current balance in the Trustee's accounts | | $1,953,320.90 |

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| BLUEWATER INDUSTRIES, L.P., | § § | CASE NO. 15-35530-H5-7 |
| DEBTOR | § § | CHAPTER 7 |

**TRUSTEE'S ATTORNEYS' (NATHAN SOMMERS JACOBS, A PROFESSIONAL CORPORATION) FINAL APPLICATION FOR COMPENSATION AND EXPENSES IN CHAPTER 7 FOR THE PERIOD FROM SEPTEMBER 1, 2016 THROUGH SEPTEMBER 27, 2018**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE EDUARDO RODRIGUEZ:

COMES NOW, Nathan Sommers Jacobs, A Professional Corporation ("Applicant" or "NSJ") and hereby applies to this court pursuant to 11 U.S.C. §§ 327, 328 and 503 for compensation of attorneys' fees and expenses totaling $20,721.00 for services rendered and expenses advanced from September 1, 2016, through September 27, 2018. The total fees requested by this Application is $20,417.50, and the total amount of expenses to be reimbursed is $303.50.

Applicant respectfully submits the following in support of this *Final Application for Compensation and Expenses* (the "Application").

## I.  JURISDICTION, VENUE, & CONSTITUTIONAL AUTHORITY

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1408.

3. This Court has constitutional authority to enter a final order regarding this matter. Court approval of fees and expenses of estate professionals has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, --- U.S. ---, 131 S.Ct. 2594, 180 L.Ed. 2d 475 (2011)). In the alternative, allowance and payment of professional fees under §§ 330(a) and 503 of the Bankruptcy Code is an essential bankruptcy matter which triggers the "public rights" exception. *See Id.*

## II.  BACKGROUND

4. On October 20, 2015, (the "Petition Date"), Bluewater Industries L.P. (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Ronald J. Sommers (the "Trustee") was thereafter duly appointed as Chapter 7 trustee for the Debtor's bankruptcy estate.

5. On November 23, 2015, the Trustee filed an application to engage NSJ as his general counsel, and the Court granted such application on December 18, 2015. The Order authorizing the engagement of the NSJ appears at Docket No. 14 and is attached hereto as **Exhibit A**. The Applicant's engagement is effective as of October 26, 2015.

6. On October 11, 2016, Applicant filed its First Interim Application for Compensation and Expenses in Chapter 7 for the Period from October 26, 2015 through August 31, 2016 [Docket No. 31] requesting $7,287.50 in fees and $78.55 in expenses. On November 11, 2016, the Court entered an Order approving the First Interim Application in full [Docket No. 33].

7. This Application covers the services rendered by the Applicant to the Trustee for the period from September 1, 2016 through September 27, 2018.

8. Trustee's Application to Employ Counsel stated that Applicant would be paid from the assets of the estate to the extent the Court allows fees and reimbursement of expenses after the filing and noticing of applications for compensation in accordance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules. Applicant is seeking compensation pursuant to 11 U.S.C. § 503(b). Applicant requests payment on an hourly basis, with fees ranging from $135.00 to $575.00 per hour, depending on the experience level of the attorney or professional and/or the nature of the work performed.

9. The following is a summary of the attorneys and paralegals who performed services for the Trustee and for whom reimbursement is requested, and the total amounts requested for each individual:

| Timekeeper | Rate/Hour | Hours | Total |
|---|---|---|---|
| Ronald J. Sommers (RJS) | $ 575.00 | 17.40 | $10,005.00 |
| Ronald J. Sommers (RJS) | $ 550.00 | .70 | $ 385.00 |
| Ronald J. Sommers (RJS) | $ 287.50 | 18.00 | $5,175.00 |
| Jarrod B. Martin (JBM) | $ 350.00 | 1.20 | $ 420.00 |
| Jarrod B. Martin (JBM) | $ 330.00 | 10.20 | $3,366.00 |
| Jarrod B. Martin (JBM) | $ 315.00 | .90 | $ 283.50 |
| Jeanna Poe (JP) | $ 135.00 | 5.00 | $ 675.00 |
| Lara Ann Coleman (LAC) | $ 135.00 | .80 | $ 108.00 |

|  |  |  |
|---|---:|---:|
| TOTALS: | 54.20 | $20,417.50 |
| AVERAGE HOURLY RATE: | $ 376.70 | |

The rates reflected above are the same rates Applicant charges its non-bankruptcy clients for similar services.

10. A current resume of Applicant's law firm is attached as **Exhibit B.**

11. The rates charged by Applicant are similar to the customary compensation rates charged by comparably skilled practitioners in cases other than cases under Title 11.

12. Actual expenses incurred by Applicant on behalf of the Trustee during this time period were, as follows:

| | |
|---|---:|
| Certified Mail | 49.60 |
| Postage | 101.41 |
| Federal Express | 12.87 |
| International Phone | 95.82 |
| Copies | 43.80 |
| TOTAL: | $303.50 |

13. This is a Final fee application for services rendered by Applicant in connection with the Debtor's Chapter 7 proceedings.

14. The Trustee has reviewed this Application and supports the payment of the Applicant for services rendered.

15. A detailed statement of the services rendered, time expended and expenses incurred is attached hereto as **Exhibit C** and incorporated herein by reference for all purposes.

16. This Application is submitted with the understanding that, in evaluating fees for professional services, it is relevant to consider various factors including the following: the time spent; the rates charged; whether the services were necessary to the administration of, or beneficial

towards the completion of, the case at the time they were rendered; whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and whether compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases. These factors reflect the standards articulated in 11 U.S.C. § 330 and Federal Rule of Bankruptcy Procedure 2016 for awarding compensation to professionals employed under 11 U.S.C. § 327 or § 1103.

### III.  CASE STATUS

17. The Trustee is holding $1,953,320.90 and all case issues have been resolved.

### IV.  SUMMARY OF PROJECTS/ACTIVITIES

18. Applicant has organized (by the major projects and/or legal services provided) the hours worked, the hourly rates, and the total fees incurred for each Timekeeper that worked on the major projects and activities.  Every time entry for all work performed on this case, including a designation of the attorney or paralegal who performed the work, is contained chronologically on The following is a summary, by project, of the information which is more completely detailed in **Exhibit C.**

### PROJECT NO. 1

### CASE ADMINISTRATION (460)

19. Below are the attorneys who performed legal services on this project, the hours worked, the hourly rates, and the total fees incurred:

| Timekeeper | Rate/Hour | Hours | Total |
|---|---|---|---|
| Ronald J. Sommers (RJS) | $ 575.00 | 13.50 | $ 7,762.50 |
| Ronald J. Sommers (RJS) | $ 550.00 | .70 | $ 385.00 |
| Ronald J. Sommers (RJS) | $ 287.50 | 18.00 | $ 5,175.00 |
| Jarrod B. Martin (JBM) | $ 330.00 | 8.60 | $ 2,838.00 |
| TOTALS: | | 40.80 | $16,160.50 |
| AVERAGE HOURLY RATE: | $ 396.09 | | |

20. The services in this project category relate to miscellaneous tasks performed by Applicant to facilitate the Trustee's orderly and expeditious administration of the estate.

21. The services in this project category were actual, necessary, and beneficial because the Applicant must assist the Trustee with complying with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and local policies and procedures in connection with this case.

22. Additionally, counsel was required to understand the nature of a relationship as to a $150 million claim owned by the Debtor against Alpha Petroleum Resources, Limited ("APR"). Counsel evaluated and participated in numerous teleconferences with Ernst & Young LLP ("E&Y") supervisors for APR's Company's Voluntary Agreement ("CVA"). Counsel discussed and negotiated with E&Y as to a modification of the CVA in 2017.

23. Additionally, Counsel analyzed and had teleconferences regarding a second modification in 2018, Counsel attended a conference with representatives of APR, representatives of E&Y, and Counsel for other creditors. The Debtor's claim against APR equates to a 12.3% interest in future distributions by APR. There have been no distributions for creditors from APR to the Trustee since the commencement of the Debtor's Chapter 7.

## PROJECT NO. 2

### CLAIMS ADMINISTRATION AND OBJECTIONS (480)

24. Below are the attorneys who performed legal services on this project, the hours worked, the hourly rates, and the total fees incurred:

| Timekeeper | Rate/Hour | Hours | Total |
|---|---|---|---|
| Ronald J. Sommers | $ 575.00 | 1.30 | $ 747.50 |
| Jarrod B. Martin (JBM) | $ 350.00 | 1.20 | $ 420.00 |
| Jarrod B. Martin (JBM) | $ 315.00 | .10 | $ 31.50 |
| TOTALS: | | 2.60 | $ 1,199.00 |
| AVERAGE HOURLY RATE: | $ 461.15 | | |

25. The services in this project category relate to Applicant's services in assisting the Trustee in evaluating and prosecuting non-routine claim objections.

26. The services in this project category were actually performed and were necessary and beneficial because the Trustee required legal advice and analysis regarding claims asserted against the estate.

## PROJECT NO. 3

### FEE/EMPLOYMENT APPLICATIONS (520)

27. Below are the attorneys who performed legal services on this project, the hours worked, the hourly rates, and the total fees incurred:

| Timekeeper | Rate/Hour | Hours | Total |
|---|---|---|---|
| Ronald J. Sommers (RJS) | $ 575.00 | 2.60 | $ 1,495.00 |
| Jarrod B. Martin (JBM) | $ 330.00 | 1.60 | $ 528.00 |
| Jarrod B. Martin (JBM) | $ 315.00 | .80 | $ 252.00 |
| Jeanna Poe (JP) | $ 135.00 | 5.00 | $ 675.00 |
| Lara Ann Coleman (LAC) | $ 135.00 | .80 | $ 108.00 |
| TOTALS: | | 10.80 | $ 3,058.00 |
| AVERAGE HOURLY RATE: | $ 283.15 | | |

**TRUSTEE'S ATTORNEYS' (NATHAN SOMMERS JACOBS, A PROFESSIONAL CORPORATION) FINAL APPLICATION FOR COMPENSATION AND EXPENSES IN CHAPTER 7 FOR THE PERIOD FROM SEPTEMBER 1, 2016 THROUGH SEPTEMBER 27, 2018**
**PAGE 7**

28. The services in this project category relate to Applicant's preparation and prosecution of applications to employ professional persons required to assist the Trustee with the task of administering the bankruptcy estate. More specifically, Applicant assisted the Trustee in following the appropriate rules and procedures to retain Applicant and special litigation counsel.

29. The services in this project category were actually performed and were necessary and beneficial because the Trustee required professionals with particularized experience to provide professional services.

## V. AUTHORITY

30. Section 330 of the Bankruptcy Code provides for an award of reasonable compensation to estate professionals. 11 U.S.C. § 330(a)(1)(A). Section 330(a)(3) directs bankruptcy courts to "consider the nature, the extent, and the value of" the legal services provided when determining the amount of reasonable compensation to award, taking into account "all relevant factors," including, but not limited to:

> A. the time spent on such services;
> B. the rates charged for such services;
> C. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> D. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
> E. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3). The Fifth Circuit generally uses the lodestar method to calculate reasonable attorneys' fees, including in Chapter 11 cases. *In re Cahill,* 428 F.3d 536 (5th Cir. 2005). The court

multiplies the number of hours worked by the prevailing hourly rate in the community. *Shipes v. Trinity Indus.,* 987 F.2d 311, 319 (5th Cir. 1993). The court may adjust the lodestar up or down based on the factors contained in § 330 and its consideration of the twelve factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). Applicant will address each factor in turn:

1) <u>Time and labor required</u>. This case did not require significant time and labor by Applicant.
2) <u>Novelty and difficulty of the questions</u>. This case was not novel or difficult.
3) <u>Skill required to perform the legal services</u>. The skill required entailed a solid foundation in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of Texas, the Federal Rules of Evidence, and the Bankruptcy Code along with experience in trying federal civil litigation in the Bankruptcy Court as well as negotiation techniques in conjunction with bankruptcy issues.
4) <u>Preclusion of employment</u>. Applicant was not precluded from other employment due to the acceptance of this case.
5) <u>Customary fees</u>. As discussed above, each of the attorneys of the Applicant charged his/her customary standard billing rate to this matter. Applicant's rates are commensurate with, or less than, those of other area bankruptcy attorneys with similar experience.
6) <u>Fixed fee</u>. The fee during this period of time was fixed as each attorney was performing services on an hourly basis; accordingly, the fee is not contingent upon the success or the results achieved, other than this Court's review of the relative benefits of its efforts to the estate.
7) <u>Results achieved</u>. The Applicant has assisted the Trustee in obtaining a refund of the retainer that was on deposit with Locke Lord in the amount of $21,695.90 as of the petition date. The Applicant has also been successful in obtaining employment of Locke Lord on a contingency fee basis to act as the Trustee's special litigation counsel and has assisted with several of the modifications of the CVA for APR, a debtor of Bluewater Industries, L.P.
8) <u>Case prognosis</u>. After the entry of an Order counsel's compensation and expenses, the case will be ready to close.
9) <u>Experience, reputation</u>. A resume of the law firm is attached as **Exhibit B.**
10) <u>Desirability of case</u>. This case was not undesirable.
11) <u>Relationship with client</u>. NSJ has served as the Trustee's counsel in other cases and the Trustee is a shareholder with NSJ.

12) <u>Awards in similar case</u>. Such awards vary depending upon the nature of the case, the expertise of the law firm and the expertise of the attorneys handling the matter. Based upon the facts and circumstances herein, and the awards in similar cases, Applicant believes that its request is similar to or less than what would be sought by other law firms and that the fees and expenses requested are in all respects reasonable.

31. In sum, Applicant's services for the estate were, reasonable, necessary, and customary as compared with other similar professionals in the Houston market. Applicant should be awarded the full amount of the compensation sought herein for its services.

32. All services for which compensation is requested were performed on behalf of the Trustee and not on behalf of any committee, creditor, Debtor or other person.

33. All services performed and expenses incurred were reasonable and necessary, and none were duplicative.

34. There is no agreement or understanding in existence between the Applicant and any other party for the sharing of compensation except as allowed under Rule 2016 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Applicant prays that the Court grant this Application, allow compensation for services performed and reimbursement for expenses advanced for the period of September 1, 2016 through September 27, 2018, in the sum of $20,721.00, or in whatever sum the Court deems proper, which sum can be broken down as $20,417.50 as total compensation for services and $303.50 for expenses incurred, that the Court order and approve on a final basis the payment of such compensation and reimbursement of expenses and all prior compensation and reimbursement of expenses awarded to Applicant, and that the Court award any and all further relief to which Applicant is justly entitled.

Dated:  September 27, 2018

        Respectfully Submitted,


By:  */s/ Ronald J. Sommers*
      Ronald J. Sommers
      Texas Bar No. 18842500
      rsommers@nathansommers.com

      Nathan Sommers Jacobs,
      A Professional Corporation
      2800 Post Oak Blvd. 61st Floor
      Houston, TX 77056
      Phone: (713) 960-0303
      Fax: (713) 892-4800

      **ATTORNEYS FOR CHAPTER 7 TRUSTEE**

# **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing Trustee's Attorneys' Second and Final Application for Compensation and Expenses has been forwarded by U.S. Mail, first class postage prepaid, or by ECF on September 27, 2018, to the parties listed below:

**Debtor:**
Bluewater Industries LP
5300 Memorial Dr #550
Houston, TX 77007

**U. S. Trustee:**
Office of the US Trustee
515 Rusk Avenue, Suite 3516
Houston, TX 77002

**Debtor's Attorney:**
James Arthur Woodward
Attorney at Law
1001 Texas Ave
Ste 1400
Houston, TX 77002

**U. S. Trustee's Attorney:**
Hector Duran
U.S. Trustee
515 Rusk
Suite 3516
Houston, TX 77002

                                              */s/ Ronald J. Sommers*
                                              Ronald J. Sommers